[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12675
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00311-SCB-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH ANDREW BOYLEN,
a.k.a. Joe Boylen,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 7, 2013)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Joseph Andrew Boylen appeals his sentence of 87 months of imprisonment

for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and distributing

methylenedioxymethamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(C).  Boylen challenges the enhancement of his sentence for possessing a firearm in connection with his drug sales and the reasonableness of his sentence.  We affirm.

The district court did not clearly err when it enhanced Boylen's sentence for possessing a firearm in connection with his drug sales.  A defendant is subject to a 4-point increase in his base offense level if he "[u]sed or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense."  United States Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (Nov. 2011).  On several occasions, Boylen offered to sell firearms and drugs to an undercover detective of the Hillsborough County Sheriff's Office and completed the sales in simultaneous or virtually simultaneous transactions.  Undoubtedly, the firearms "facilitated" Boylen's drug sales and "had the potential of facilitating" future drug sales for Boylen.  Id. § 2K2.1 cmt n.14(A).  The district court reasonably inferred that Boylen "was in the business of supplying both drugs and firearms" and was willing to supply both to earn "and to maintain [the detective's] confidence and business." United States v. Thompson, 32 F.3d 1, 7–8 (1st Cir. 1994) (cited in United States v. Matos-Rodriguez, 188 F.3d 1300, 1308 (11th Cir. 1999)).

2

Boylen's sentence is procedurally and substantively reasonable.  The district stated it had read the presentence investigation report and, after considering the parties' arguments and the sentencing factors, had decided to impose a sentence at the low end of Boylen's advisory guidelines range of 87 to 108 months of imprisonment.  Boylen requested that the district court vary downward from the guideline range, but the district court explained that Boylen's "bad childhood" was "not a reason to break the law" and that Boylen "had been in trouble" before his "dirt-bike accident" that affected his ability to "earn[] a living."  The district court reasonably determined that a sentence of 87 months of imprisonment was necessary to address Boylen's crimes of "selling guns" and drugs; the seriousness of selling firearms, "especially sawed-off shotguns and guns with obliterated serial numbers," which "always [poses] a danger for the community"; and the seriousness of selling "Ecstasy."  See 18 U.S.C. § 3553(a).  And Boylen's sentence is well below his maximum statutory punishment, which suggests that the sentence is reasonable.  See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).  Boylen argues that he should have received a lesser sentence like his cohort, Rachel Lancaster, but Boylen is not similarly situated to Lancaster.  See United States v. Docampo, 573 F.3d 1091, 1101–02 (11th Cir.2009).  Boylen pleaded guilty to selling drugs and firearms, but Lancaster provided information

that led to arrests of two individuals and then pleaded guilty in a state court to only a drug offense.  The district court did not abuse its discretion.

We **AFFIRM** Boylen's sentence.